† FREESE *versus* McINTYRE.

A release under seal by the judgment debtor, of land set off on execution, to the judgment creditor, is a waiver of any defects in the levy, and confirms in the latter, the title to the land.

ON REPORT from *Nisi Prius*, HATHAWAY J., presiding.

ASSUMPSIT, for use and occupation of certain real estate.

This suit was commenced in Aug., 1848, for rent of the previous six years.

The occupation of defendant was proved, and the title

of the plaintiff was by a levy made in the early part of 1842, and a quitclaim deed from the defendant to one Trask, in Dec. 1844, and from Trask, at the same time to himself. The latter deed was not acknowledged until the last part of 1851.

Trask testified that in receiving the deed he acted as the agent of plaintiff, and let to the defendant the land, who promised to pay a reasonable sum beyond the payment of the taxes; and that the rent beyond the taxes was worth $5 per year.

The levy appeared to be defective.

*A. W. Paine,* for defendant, made several objections to the levy. He also maintained that the plaintiff proved no title before the commencement of this suit. The law did not presume a deed to be delivered until it was acknowledged; and if the plaintiff had no title, the promise was invalid — no other consideration existed for it.

*N. Wilson,* for plaintiff.

GOODENOW, J. — This is an action of assumpsit, for use and occupation of land, from 1841 to 1848, inclusive. On the 14th of February, 1842, the plaintiff made a levy of an execution which he then had, on land of the defendant.

It is contended by the defendant that this levy was void, because the appraisers did not state that "they entered upon or viewed the premises at all; neither does the officer's return state the fact:" and because it does not appear that "they appraised and set off the premises, after viewing the same, at the price specified," and because the "description and appraisement of the land is not indorsed on the execution and signed by them."

It is apparent, from an inspection of the return of the appraisers, that there are serious objections to it; and they probably would have been deemed sufficient to have defeated the title of the plaintiff, if the defendant had chosen to insist upon them, and to avail himself of them. It appears that he was present when the levy was made, or that he

chose one of the appraisers; that possession of the land levied upon, was delivered by the officer to the plaintiff's attorney, and that the execution was returned satisfied; and by the deposition of John Trask, the officer who made the levy, that as the agent of said Freese, about one year after the levy, he rented the premises levied upon "to said McIntyre, he agreeing to pay as rent thereof, the taxes which might be assessed on said premises, and such further reasonable sum as said premises were worth, per annum." It also appears satisfactorily to us, that on the twenty-first of December, 1844, the said McIntyre released, sold and quitclaimed all his right to said premises to said John Trask; and on the same day said Trask, by his deed, re-mised and released and quitclaimed all his right to said premises to the plaintiff; and said Trask deposes, "that said conveyance was made by said McIntyre to me, in order to perfect the title to the land levied upon, and was taken by me for the benefit of the judgment creditor, and my conveyance to said Freese, was of that portion levied upon on his execution, in pursuance of the purpose of said McIntyre's deed to me."

These proceedings constitute a substantial release of all errors, and a waiver of objections to all defects which existed in the return of the appraisers, and a complete confirmation of the title of the plaintiff to the land levied upon.

If the appraisers did in fact "enter upon or view the premises," (which is highly probable, from the fact that they speak of the land as having been *shown* to them by the plaintiff's attorney, and from the fact that they describe it minutely, by courses, distances and monuments, and from the fact that they could not have done their duty faithfully, without so viewing the premises,) the Court, no doubt, would, upon an application of the plaintiff, have allowed the officer to amend his return according to the truth of the case, and in this manner, the title of the plaintiff might have been made valid against the defendant. The mode adopted to remove the objections to the levy, and to con-

firm the title, was perhaps more simple and convenient, and quite as effectual as the other would have been.

From the testimony of Mr. Trask, we are authorized to conclude that the relation of landlord and tenant existed, between the plaintiff and defendant, in about one year after the levy; and that five dollars per annum, would be a reasonable rent for the premises. The writ is dated August 7, 1848.    *Judgment for plaintiff for twenty-five dollars —*
*Damages, with interest from date of writ, and costs.*

APPLETON, J., did not sit in this case.